163556, United States of America v. John W. Perotti. Oral argument not to exceed 15 minutes per side. Mr. Shea for the defendant. Good morning your honors and may it please the court, counsel. I'm here this morning representing John Perotti and I would like to reserve five of my minutes for rebuttal if I may. All right. Thank you. On April 13, 2016, Mr. Perotti was sentenced to an effective sentence of 153 months incarceration. The problem is that the district court did not have authority to impose that sentence. The statutory authority of the court under 18 U.S.C. section 922G only allowed the district court to impose a sentence of up to 120 months incarceration. Therefore, the sentence that was imposed in this case is unlawful as a matter of law. The government does not argue in its brief that the sentence is unlawful or is lawful in any way. Rather, they simply argue that this court shouldn't rule on the unlawful nature of the sentence because the defendant has already served his time in custody. The government is wrong in that assertion and they're wrong for four different reasons. First is this court's statutory authority itself. I cited in my brief in the statement of jurisdiction to 28 U.S.C. section 1291 which gives this court authority to review final judgments of district courts. This court needs to remember that this is a direct appeal of an imposed sentence. This is not collateral review. This is not habeas review. This is direct review of the sentence that was imposed. Under 1291, this court has the authority and has the duty to review the sentence. Additionally, under 18 U.S.C. section 3742, that gives the defendant the authorization to appeal from an unlawfully imposed sentence. That also provides this court with the duty, once it finds the sentence unlawful, to do one of several things. I believe it's under section D. But the court can't do nothing once it determines there's an unlawful sentence. But basically, Mr. Shedd, what I understand you arguing is that if the sentence isn't reduced to the 10 years or whatever it is, that there'll be some potential adverse consequences in the future if he reoffends and or he violates supervised release. That's basically it, isn't it? No. That is actually one of the things that I argue, but there are other... All right. Well, let's stick with that one for just a second. Sure. I don't understand from reading this why he can't make the arguments and claims to a judge that he comes back before, regardless of whether anything happens to change the sentence that was imposed. You seem to say that he would either be waiving or he would be precluded from bringing to the attention of another judge the fact that he had served more time than he was permitted to be sentenced to under the law. And I just don't understand why he can't make those claims. Well, there's a couple different reasons for that. First, let's say that he brings up the claim on a 2255 petition. After this case is final, he has a year to file his 2255, so long as he's, quote-unquote, in custody. And so he argues at that point that the sentence is illegal. Well, the government will argue that he should have raised the issue on direct appeal and he's procedurally defaulted the claim. So he can't raise it for that reason. More than that, let's say that he suffers a... He's raised it, so that's gone. He has raised it, but we do need it adjudicated. But second, let's say that he picks up a new state charge. And that state charge requires the state to determine the length, you know, look at his prior convictions and determine the length of a sentence. It's unclear from the term time served what was the appropriate sentence in this case. And a state judge might not understand that really time served should have meant 120, not the 153 that he actually served. And therefore, that makes a difference in the state sentencing. And he might not be able to collaterally... How can anybody not understand what time served means? Time served means the time that you served. Well, and time served in this case means 153 months, which is illegal. And so that's the problem in this case is that the sentence as it stands now is illegally imposed. And there are two other... Nobody's disputing that. We get that. There are two other reasons, though, why this court should actually... Well, three other reasons why this court should actually rule on the matter. One of them is a case that I cited to in my brief, which is United States v. Johnson, which is a Supreme Court case from the year 2000. And in that case, the court... And it's from this court. It's Roy Lee Johnson. And in that case, the defendant had over-served his time. And originally, the Sixth Circuit had given him time off of his supervised release for the time that he erroneously spent in prison. The Supreme Court unanimously reversed that and said that you... Supervised release begins on the day that you're released from prison, but that if you over-serve your time, the district court can consider that down the road, or a district court can consider that down the road in determining whether to release you after a year statutorily. And so in this case... Does that make this case premature, then? It doesn't make it premature because we don't know whether or not Judge Nugent, in this case, will be the one that makes that determination after a year of supervised release. So the judge... It doesn't go just by the personal judge. It's the court, right? Exactly. And that's the problem. Because we don't know what's going to happen in the future. And so any future courts are going to need to know what the actual legal sentence was in order to do that. But yet another reason is I cited... And I ask for forgiveness for the lateness in filing this. But I filed a 28-J yesterday with the case of United States v. Macon. And that's a third reason why this case is justiciable now. And then Macon, the defendant, while on appeal, had served his time of custody and only had supervised release left. And so the government in that case argued again, okay, this is moot now because he's arguing a guidelines issue. This court said it's not moot because the district court, if it knows what the correct sentence should be, could reduce the amount of supervised release. Well, in this case, at the time of the sentencing, the resentencing, he was given two years' supervised release. But statutorily, that can go all the way down to zero or one or two or three. So it remains a live issue because if this court tells Judge Nugent, hey, you were limited to 120 months in this case and he's over-served now by three years, Macon says the district court can consider that on remand in determining the length of the supervised release term that's imposed. But in this case, you agree, your words are any sentence modification by this court would not impact the length of Peratti's federal supervised release term. So, yeah, maybe Macon says that, but you've expressly disclaimed that to be the relief that you're seeking in this case. I said that in the context of Johnson. And what I was trying to explain was that Johnson says that you can't get, it's not a one-for-one value. In other words, you don't get, you don't get, for every day you've over-served, you don't get a day off of your supervised release. That's what the Supreme Court said in the United States v. Johnson. And that's what I was referring to when I made that argument. That is different, though, than the district court's ability to determine the length of supervised release. What is exactly relief are you seeking here? I'm not sure I fully understand. We would like a remand so that the court will impose a sentence within the statutory range. With directions. 120 months. It can be. Plus supervised release. Plus supervised release, if it chooses. Yes. His unsupervised release now will be when it gets released. And quite frankly, on remand, if the court, district court, wants to impose 120 months plus three years supervised release, it would be free to do so. So really you want to go back and argue that in return for having served longer than he should have served, he should get a shorter supervised release term. That's really what you want to do here. In addition to the fact that we need the sentence to be legal. You've got to say yes or no. That is one of the things we want to do, yes. Absolutely. Yes. So you don't want a bank that he can draw upon later. You want supervised release to release now. I can't worry about the bank that he can draw upon later. That is, obviously, I cited in my brief the BOP regulation that allows that bank to occur. And whether that bank, whether it occurs or not, or whether he ever violates supervised release, I agree that that's not before this court because that would be premature. But it brings me to my final point, which is I cited to the First Circuit case of Vasquez v. Leroy. And in that case, the First Circuit. Let me come back to your argument. Yes. You pulled your brief out to look at the relief you sought. You want it remanded for a sentence, resentencing with instructions that the district court impose a sentence of a set number of months not to exceed 120 months. That's correct. You didn't ask for anything relative to supervised release. And if the court does nothing on supervised release, I'm fine with that. We just want a sentence of up to 120 months. We would be happy with that. We just want a legally imposed sentence. What exactly does that do to help your client? I'm not sure I understand that at all. Well, it gives him finality. He's got finality now. And it gives him a legally imposed sentence that he can determine when supervised release begins in his case and when he can ask for his one year under the statute pursuant to Johnson. I don't understand any question about when supervised release begins. He's in state custody now, right? He is. I'm just assuming, tell me if I'm wrong, it begins the day he's released from state custody. That is true. So why do you need anybody to tell you that? Well, because if pursuant to Johnson, the only remedy that the Supreme Court gave in Johnson was that if you over serve your time, the district court can, after a year, release you early from supervised release. So you've got a Supreme Court decision saying that. You don't need anything from us for that. But they can only do that if you've over served your time. The sentence as it stands now doesn't show that he over served his time. What it says is time served, which is the opposite of over served. Thank you, Your Honor. Thank you. We'll hear from the government. Good morning. Counsel opposing. May it please this honorable court, on behalf of the appellee of the United States of America, I'm Assistant United States Attorney Justin Seabree Gould. Your Honor, the question before this court, as raised in the reply brief by the defendant, is whether or not the imposed sentence under the statute is illegal or illegal under the statute. And the answer to that question is no. A time served sentence can never violate the statutory maximum because it is not a fixed sentence. You didn't even argue the merits in your brief. That is correct, Your Honor. The brief focused on the Supreme Court's decision in Lane v. Williams, which supports the argument of the government that this case is moot. The challenge, as this court has highlighted, is not to the term of supervised release. It is to the sentence imposed. And that sentence immediately expired at the time that the judge imposed it. The defendant spent no time on the federal case under the new sentence and is no longer subject to a term of imprisonment for the federal sentence. Just out of curiosity, we were picking on Mr. Shadd to figure out what really is the problem here. I'm trying to figure out why are you opposing this. Why does the government care? Your Honor, the pool which you highlighted is a result of a Bureau of Prisons policy, which results when— I'm not asking about a bank or anything else. Why do you care if the district judge simply says he's sentenced to 120 months? In that event, the Bureau of Prisons will apply a credit to any future violation of the supervised release, and it is not in the interest of justice to take individuals like Mr. Perotti, who have been sentenced to over a decade of prison, and throw them out onto the street without any mechanism to enforce the supervised release terms that they are released with. If this sentence is remanded and a definitive sentence is entered, the pool becomes very important because it is on that pool that the Bureau of Prisons will draw, and effectively it will tie the hands of the district court from enforcing its supervised release orders. You're DOJ, you're the executive branch. Bureau of Prisons, DOJ, executive branch. So you're opposing this because your own executive branch, part of the Department of Justice, has a regulation you don't like. We are opposing it because the case is moot, under the relief sought by the appellant. However, the policy and its implications are best argued at the time that the violation, if one should occur, is before the court. And as this court is aware, Mr. Perotti would have the opportunity to engage in litigation with the Bureau of Prisons based on its application of its policy. The time to argue that would not be now, and to parse the reasons that the Bureau of Prisons has its policies and its effects on this case. I simply know that the time-served sentence... I understand you're arguing my question about the merits by going back to mootness. I'm sorry, Your Honor? You understand you're answering my question about the merits by falling back to your argument about mootness. Well, the merits of the case, Your Honor, if you're – well, yes, I do. I understand that I'm arguing the reason that we're arguing... So the answer is you care because you don't like the BOP regulation. We care – that was the original intent of the time-served sentence, was our best effort to address that policy. And in this case... You're circumventing the BOP regulation. Your Honor, to address the policies of the Bureau of Prisons in the best way that we could, given what authority we have. And our argument before this court is that the case itself is moot. And the defense – or, excuse me, the appellant does not present a single case where this court has reversed for resentencing an expired sentence. Each of the cases which he cites in his brief, Sims, Penson, Whetstain, Jones, and Zechariah, Sims is an unexpired 120-month – 121-month sentence and 188-month sentence for those appellants when the statutory max was 120. Again, Penson, a 310-month sentence when the max was 300, and that sentence was unexpired. Under Whetstain, an unexpired life sentence when the statutory max was 30 years. Here we have a defendant, unlike each of those, that has an expired sentence. He is not serving any time for the federal – for the imposition of sentence of the time served in this case. He is very much unlike those other defendants. When does this supervised release kick in? Does it come in after he's released from the state custody, or did it start as of the time that the court rendered its decision? At the time he's released from state custody, Your Honor. Okay, and what difference does it make? I don't understand if he got 120 months or whatever he got, 160 or something like that. Well, the difference between time served and the 120-month sentence, let's say, would be the difference between the statutory max of 120 months, the sentence imposed, and whatever the Bureau of Prisons calculated as the time the defendant actually served. In this case, he served approximately 12-and-a-half years, so there would be a 2-and-a-half-year credit that the Bureau of Prisons would impose. And on the issue of – The Bureau of Prisons doesn't calculate the supervised release, does it? It does not, but it calculates the time that would be served upon any revocation and imposition of sentence for revocation imposed by the district court. And on the issue of supervised release, the district court made very clear that the one-month credit applied. It made that clear at transcript page ID 1305, where the district court told Mr. Perotti that if he served one year of his two-year period of supervised release, that he would be eligible to receive that one-year credit, and that his lawyer could inform the court of that. This was done over the objections of the government that a three-year period of supervised release be imposed. This is very much unlike the case cited by the defense – excuse me, by the appellant in his letter filed yesterday, because the period of supervised release does not play with the term of incarceration in this case. It is not – the appellant does not make an attack on his conviction. He makes an attack on his sentence. And the case cited, we were looking at a tax law. Now, I'm sorry I didn't have the opportunity to, in the short period of time, to delve into the intricacies of the tax law that was cited, but I can analogize to a theft of government funds under 18 U.S.C. 641, where there are two levels based on loss amount, a level of greater than $1,000, which would have a statutory maximum term of incarceration of 10 years, and a loss amount of less than $1,000, which would have a one-year period of incarceration. That would affect the period of supervised release that a defendant who was sentenced under a theft of government funds was serving, so that if the term of incarceration in an instance like that, or in the case cited by the appellant, was challenged, then that might affect the period of supervised release, because as this Court is aware, the time of authorized periods of supervised release under 18 U.S.C. 3583 are for a Class C felony of 10 years, would be up to three years, whereas the Class A misdemeanor that would result if the loss was challenged and the conviction was reduced to a Class A misdemeanor would be only up to one year. So we see in instances like the case cited, or in the example that I provided to this Court, that sometimes, not as here, the period of supervised release that a defendant may be serving after an expired sentence may be affected by a challenge to the sentence or to the conviction. That is not what is at issue here. The period of supervised release of two years would be authorized irrespective of the time served sentence or of a definitive sentence of 10 years. I've got to admit, you lost me probably two or three minutes ago, but it sounds like you're talking about something that isn't applicable anyway, so let me see if we can refocus this slightly. Yes, Your Honor. I could be way off base here, I don't think it's cited by anybody, but I'm starting to recall that when I was a district judge and would sentence people, we would oftentimes be asked to address the question of credit. And I thought there was a case, I think it might be named Wilson, that basically says district judges don't deal with credit, let the BOP do it. If there's a problem and somebody objects to it, then they can take whatever actions are appropriate. I'm not sure how that, if I'm reciting that correctly, I'm not sure how that cuts in this case, whether it's in your favor or against your favor. But would that resolve this question? We stay out of it until there's a problem? That's what we advocate for in our reply brief, Your Honor, that this is an issue that would come before the court if there was a violation that the credit based on the difference between the statutory maximum and the time actually served by this defendant should be credited. But that argument, that possibility, that something that a future court should consider that was addressed by the Supreme Court in Lane v. Williams. Are you willing to help Mr. Shadd out here by agreeing that if this comes up in a subsequent 2255 that the government is not going to make an argument about procedural default? Yes. Does that help that? It doesn't hurt. All right. Sounds like a lot of kind of speculation as to what's going to happen in the future for this gentleman. We're all assuming he's going to violate his supervised release and may not do it at all. Is this the time to make a ruling in this case or time not to? Time not to, Your Honor, as we advocate in our reply brief.  Thank you. Okay. So you want on procedural default. And if I'm right on Wilson, we're supposed to stay out of all this anyway. So does that answer the question? Wilson, I agree with you that Wilson says that district courts aren't in the business of determining BOP credit. That's explicitly what Wilson says. I'm not talking about BOP credit. I'm talking about a lawful or an illegal sentence that was imposed in this case. And I think the You're talking about it only because you are concerned it may have an impact later on BOP credit. Well, it has an impact now in his case. It has an impact now. And so let me give you an example of why this is a problem. So let's say What's the impact today if he's not even on supervised release? He's serving a state sentence. Well, okay, so in the 1305 that Mr. Gould cited you to where it said that the district court might consider letting him off supervised release after a year. He doesn't talk about Johnson or the Johnson factors. What he says is if you keep your nose clean, I might consider it. That's in essence what he says on 1305. It has nothing to do with complying with the Supreme Court decision in the United States v. Johnson. And you can't do the United States v. Johnson calculation if you don't know what the original sentence was and you don't know what the amount of time that was over served was. The government doesn't even admit that There's no calculation under Johnson to be made today. He's in state custody. But the calculation has to be made at the time of sentencing. That's the only time that the sentence can be imposed in the first place in a lawful manner. What you would have to do is You started this out by saying this is adversely affecting him today.  And I don't understand how it's affecting him today. Because it's an unlawfully imposed sentence. The other thing that we talk about in our initial brief that I didn't rate But how is the fact, if true, that it's an unlawfully imposed sentence impacting him one way or the other today? Because we cited into our brief the fact that he's now serving a state sentence. And that state sentence that he's serving is going to be subject to him coming up for parole in the state system. The state system is going to determine parole based in part upon the length of his federal sentence. And we cited to the APA regulations that require the state of Ohio to do that. So the difference between For the parole board, there's nothing precluding him from arguing that his lawful sentence was 120 months and he was improperly required to serve too much. There's nothing preventing him from making that argument. And maybe the parole board is going to buy it. Maybe they don't. Maybe they won't. Exactly. But in the meantime, we've let We all know that the absolute correct legal sentence is 120 months and we can fix that for everyone today. Let me give you another example. Let's say that instead of time served, the judge said I'm going to sentence him to 166 months incarceration. What that would have meant in this case, if you buy the government's argument is that it would still be moot because he would have been released from federal custody last month. And so what we're saying is that 166 months is just as legal as time served in this case. And that can't be right. A judge can't sentence a defendant to 5 months over the statutory maximum and that be upheld as a legally imposed sentence in a case. And that is the problem with this case. And that's why I cited to that First Circuit case the Vasquez-Loriara case which is that there's an integrity of the court that comes into play that requires a court of appeals to fix an unlawful sentence. And in that Vasquez-Loriara, it didn't make a hill of beans difference in that case either. The guy had seven life sentences on top of the sentence that they fixed. But the First Circuit said, we've got to do what's right under the law here. And under the law, this 922 sentence that this guy received was a life sentence and that was improper under the law and we're going to fix it despite the fact that it doesn't get him out of jail a minute earlier. And that is the problem, overall problem, in this case. We are on direct review. We are entitled to have a correct sentence imposed in the first instance. Thank you, Your Honors. Thank you, and the case is submitted.